**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                    :
SAMUEL SANTIAGO-GOMEZ,              :
                                    :  Civil Action No. 06-3608 (JAG)
            Petitioner,             :
                                    :
        v.                          :       **O P I N I O N**
                                    :
MICHAEL CHERTOFF, et al.,           :
                                    :
            Respondents.            :
_____:

**APPEARANCES:**

    SAMUEL SANTIAGO-GOMEZ, Petitioner, <u>Pro</u> <u>Se</u>
    A# 78 829 806
    Middlesex County Adult Correction Center
    MC# 104639
    P.O. Box 266
    New Brunswick, New Jersey 08903

    CHRISTOPHER J. CHRISTIE, United States Attorney
    PETER G. O'MALLEY, Assistant U.S. Attorney
    970 Broad Street, Suite 700
    Newark, New Jersey  07102
    Attorneys for Respondents

**GREENAWAY, JR., District Judge**

    This matter is before this Court on the Government's motion to set aside this Court's Judgment and Order of January 29, 2007, pursuant to Fed. R. Civ. P. 60(b), in which the Court granted petitioner's writ of habeas corpus under 28 U.S.C. § 2241.  The Government's motion was filed on February 23, 2007.[1]  Petitioner

---

    [1] Respondents state that they had initially sought to file a motion for reconsideration of this Court's January 29, 2007

has not responded.  The Court will consider the motion pursuant to Fed. R. Civ. P. 78.

I.   BACKGROUND

On January 29, 2007, this Court entered an Opinion and Order granting petitioner Samuel Santiago-Gomez's application for habeas relief in which he sought his release from detention pending his removal from the United States.

Mr. Santiago-Gomez filed this second petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, on or about August 3, 2006.[2]  At the time, he was being detained by the Department of Homeland Security ("DHS"), Bureau of Immigration and Customs Enforcement ("BICE") at the Middlesex County Correction Center in New Brunswick, New Jersey, pending his removal from the United States.  Petitioner challenged his indefinite detention as

---

Order, pursuant to Local Civil Rule 7.1(i) and Rule 59(e) of the Federal Rules of Civil Procedure.  Apparently, the motion was never entered on the docket, and the present motion was submitted under Rule 60(b), seeking relief from judgment.

[2]  Petitioner filed an earlier action before the Honorable Faith S. Hochberg, U.S.D.J., in Santiago-Gomez v. Chertoff, et al., Civil No. 05-2899 (FSH), raising the same arguments for release from indefinite detention.  The Government had responded to the earlier petition, asserting that petitioner has failed to cooperate in providing pertinent information about the location of his birth and names of Spanish relatives, who could assist in locating confirmation of citizenship, necessary in securing travel documents to Spain for his removal.  Judge Hochberg dismissed the petition in Civil No. 05-2899 (FSH), without prejudice, ruling that petitioner's removal is not destined to be indefinite once the Government provides the correct information about petitioner's date of birth and family names to officials in Spain.

unlawful and unconstitutional under <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001) and <u>Clark v. Martinez</u>, 543 U.S. 371 (2005).

The named respondents, the BICE;[3] Michael Chertoff, DHS Secretary; Alberto Gonzales, U.S. Attorney General; and Edmond C. Cicchi, Warden of Middlesex County Adult Correction Center (collectively, "the Government"), filed an Answer to the petition on October 6, 2006, with a certified copy of the relevant administrative record. Petitioner filed a reply brief on October 23, 2006.

The Government argued that petitioner is not entitled to release from detention because he has not sufficiently cooperated in the process of securing the necessary travel documents for his removal, namely, by failing to give adequate or accurate information about the actual country of which he is a national.

In granting the writ, this Court found that:

> the initial problem with obtaining travel documents was the fault of BICE ... [because] the BICE admittedly gave inaccurate information to Spanish officials. Although such information was corrected by BICE, it still did not yield any results. Spanish officials then recommended that the Government obtain other information, namely a passport, birth certificate, or information from Petitioner regarding the last place and time he obtained a passport. Petitioner

---

[3] Effective March 1, 2003, the Immigration and Naturalization Service ("INS") ceased to exist as an agency of the Department of Justice, and its functions were transferred to the Department of Homeland Security ("DHS"). <u>See</u> Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135 (Nov. 25, 2002). The Bureau of Immigration and Customs Enforcement of the DHS is responsible for the interior investigation and enforcement functions that formerly were performed by the INS.

3

has not been able to provide such information to the BICE because he maintains that he does not have a passport or birth certificate, which is not an unusual situation given his illegal entry and stay in the U.S. for more than 20 years.  See Abdel-Muhti v. Ashcroft, 314 F. Supp.2d 418 (M.D.Pa. 2004); Seretse-Khama v. Ashcroft, 215 F. Supp.2d 37 (D.D.C. 2002).  Moreover, Petitioner has not been idle in effecting his removal.  He has written to other third countries in an effort to secure his removal by other means than to Spain, which at this time declines to issue travel documents without verification of Petitioner's citizenship.  Thus, Petitioner has provided evidence of cooperation, and there is no clear evidence that Spain's refusal to issue travel documents is due to the fault of Petitioner.

[Moreover, respondents failed to show] ... evidence of actual obstruction or delay by Petitioner to actively thwart his removal. ... Petitioner has proven his cooperation in removal efforts by complying with the Government's requests for information.  In contrast, the BICE has done little more than issue blanket warnings for failure to depart to Petitioner on a monthly basis.  These form warning notices do not detail what further information Petitioner must provide different from what he has already provided to the BICE.  Further, it is clear that Spanish officials will not issue travel documents without Petitioner's birth certificate or passport, for which there is no record in Spain.  Petitioner does not appear to be able to provide further documentation or identification information, and Spanish officials have confirmed that they are unable to verify Petitioner's birth records.  Consequently, respondents have not established a sufficient basis on which to detain Petitioner indefinitely, and have failed to rebut Petitioner's claim that his removal is not reasonably foreseeable.  See Abdel-Muhti, 314 F. Supp.2d at 430-31. See also Mitchell v. Gonzales, 2007 WL 121348 (N.D.Fla. Jan. 12, 2007); Koljenovic v. Ashcroft, 2006 WL 3325650 (M.D.Pa. Oct. 27, 2006); Seretse-Khama, 215 F. Supp.2d at 47-52; Clark v. Ashcroft, 2003 WL 22351953 (E.D. Pa. Sept. 16, 2003).

It has been more than two years since Petitioner was taken into custody and his order of removal became final.  All efforts by the BICE and plaintiff to obtain travel documents from Spain or third countries have been unsuccessful.  Therefore, based on Zadvydas, Petitioner's continued detention is no longer presumptively reasonable.  Petitioner has shown, and the Government has failed to rebut,

> substantial evidence that his removal is unlikely in the reasonably foreseeable future. Moreover, Respondents have not demonstrated that Petitioner's alleged failure to cooperate is hindering their efforts to remove him. The record here clearly shows that Petitioner has complied with BICE requests and has made a good faith effort to obtain travel documents from Spain and other third countries, to no avail.

Santiago-Gomez v. Chertoff, No. 06-3608, slip op. at 12-15 (D.N.J. Jan. 30, 2007).

In the motion for relief from judgment, the Government now argues that the Court did not follow relevant Supreme Court and Third Circuit precedent in ruling on petitioner's obligation to cooperate in removal proceedings. Specifically, the Government contends that the fundamental problem in effecting Mr. Santiago-Gomez's removal to Spain, or elsewhere, is petitioner's own, continuing failure to establish his identity and place of birth and/or citizenship. Respondents argue that the Court wrongly places the onus on the BICE for submitting the incorrect information to Spain initially when it is clear that the information originated from petitioner. Further, the inability of Spanish officials to locate a birth certificate with the new information cannot be attributed to the BICE.

The Government also states that petitioner's failure to cooperate comes within the reach of 8 U.S.C. § 1231(a)(1)(C), because his failure to cooperate in removal efforts serves to toll the removal period. In addition, respondents point out that petitioner did not enter the U.S. in 1984, as stated in the

5

petition, but in 1990 or 1991, as documented in the administrative record and reflected in the earlier habeas action, Civil No. 05-2899 (FSH).

Finally, the Government states that there are additional facts and information available in the file on petitioner, which supports the case for his continued detention.  This information includes hearsay about petitioner's reputation and background within the community of detainees, and "lay opinion as to petitioner's lack of Spanish origins and background based on his language use and lack of cultural knowledge."  This information was not submitted by the Government in response to the habeas petition because the Government thought that it would be deemed inadmissible due to its hearsay nature and because it constituted lay opinion.  The Government offers to submit the information now if the Court would expand the record and permit respondents to do so.

## II.   ANALYSIS

Rule 60(b) provides, in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been

reversed or otherwise vacated, or it is no longer
equitable that the judgment should have prospective
application; or (6) any other reason justifying relief
from the operation of the judgment.  The motion shall
be made within a reasonable time, and for reasons (1),
(2) and (3) not more than one year after the judgment,
order, or proceeding was entered or taken.

"The general purpose of Rule 60(b) ... is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done."  Boughner v. Sec'y of Health, Educ. & Welfare, 572 F.2d 976, 977 (3d Cir. 1978) (quoted in Coltec Industries, Inc. v. Hobgood, 280 F.3d 262, 271 (3d Cir.), cert. denied, 537 U.S. 947 (2002)).

> A motion filed pursuant to Rule 60(b) is
> "addressed to the sound discretion of the trial court
> guided by accepted legal principles applied in light of
> all the relevant circumstances." Ross v. Meagan, 638
> F.2d 646, 648 (3d Cir. 1981).  Rule 60(b), however,
> "does not confer upon the district courts a
> 'standardless residual of discretionary power to set
> aside judgments.'" Moolenaar v. Government of the
> Virgin Islands, 822 F.2d 1342, 1346 (3d Cir. 1987).
> Rather, relief under rule 60(b) is available only under
> such circumstances that the "'overriding interest in
> the finality and repose of judgments may properly be
> overcome.'"  Harris v. Martin, 834 F.2d 361, 364 (3d
> Cir. 1987) (quoting Martinez-McBean v. Government of
> the Virgin Islands, 562 F.2d 908, 913 (3d Cir. 1977)).
> "The remedy provided by Rule 60(b) is 'extraordinary,
> and [only] special circumstances may justify granting
> relief under it.'" Moolenaar, 822 F.2d at 1346
> (citations omitted).

Tischio v. Bontex, Inc., 16 F. Supp.2d 511, 533 (D.N.J. 1998) (citations omitted).

Relief is available only in cases evidencing extraordinary circumstances.  Ackermann v. United States, 340 U.S. 193 (1950);

7

Stradley v. Cortez, 518 F.2d 488, 493 (3d Cir. 1975). A motion under Rule 60(b)(6) "must be fully substantiated by adequate proof and its exceptional character must be clearly established." FDIC v. Alker, 234 F.2d 113, 116-17 (3d Cir. 1956).[4]

To the extent a moving party seeks to relitigate the court's prior conclusions, Rule 60(b) is not an appropriate vehicle. "[C]ourts must be guided by 'the well established principle that a motion under Rule 60(b) may not be used as a substitute for appeal.' It follows therefore that it is improper to grant relief under Rule 60(b)(6) if the aggrieved party could have reasonably sought the same relief by means of appeal." Martinez-McBean v. Government of Virgin Islands, 562 F.2d 908, 911 (3d Cir. 1977) (citations omitted).

Here, the Government alleges that the Court erred in its conclusion that petitioner had cooperated in good faith with the BICE's efforts to remove him, arguing that the Court did not follow the relevant Supreme Court precedent set forth in Zadvydas v. Davis, 530 U.S. 678 (2001) and the pertinent statutes, 8 U.S.C. §§ 1231(a)(1)(B) and (C). The Government's argument, however, simply challenges this Court's prior construction and attempts to relitigate the same facts and application of the same law. This argument could have been raised on appeal.

---

[4] In this case, the Government seeks relief from judgment based on Rule 60(b)(1), (4), and (6).

In addition, the Government has failed to establish any extraordinary circumstances justifying relief from judgment, pursuant to Rule 60(b)(6).  Rather, the Government relies on hearsay and lay opinion in concluding that petitioner is thwarting efforts to deport him to Spain.  The facts, as established in the administrative record, show that petitioner has provided the requested and necessary information, as to his parentage and place of birth, sought by the Spanish officials in order to locate his birth certificate.  To the extent that further information was requested and not provided, petitioner reasonably explained that he does not have a birth certificate or passport because he entered this country illegally.[5]  The fact

---

[5] The Government also contends that the Court made a mistake or error of fact in its January 29, 2007 Opinion, when the Court stated that petitioner entered the United States in 1984.  Petitioner alleges that he entered the United States illegally in 1984.  The Government points out that petitioner actually entered the country illegally in 1990 or 1991.  This Court reviewed the record in the earlier action, Civil No. 05-2899 (FSH), and found two different reference dates to petitioner's entry in the United States.  In a post-order custody review worksheet, prepared by the BICE, it is noted on the first page that petitioner entered the U.S. on January 1, 1990, without inspection.  On the second page, the BICE notes that petitioner arrived on January 1, 2000, entry without inspection.  This discrepancy in date differs from petitioner's averment in both of his habeas petitions that he entered the U.S. illegally in 1984.  The Government did not dispute petitioner's alleged entry date in response to either petition, until now.  In any event, the Court finds that the mistake in date is not critical to the Court's conclusion that petitioner has cooperated with removal efforts.  First, it is not clear that the mistake is the fault of petitioner giving different information or the error of BICE in reporting and/or typing two different dates.  Second, and more pertinent, it is not disputed that petitioner entered the U.S.

9

that Spanish officials cannot find petitioner's birth certificate does not prove that petitioner is not cooperating; instead, it shows that petitioner's removal to Spain is not likely to occur because proof of his citizenship cannot be verified, through no fault of petitioner.

Moreover, this Court's judgment does not grant petitioner relief from removal. It simply requires that petitioner be released under terms of supervision pending his eventual removal. His release may be subject to those conditions deemed necessary by the BICE. However, there is no argument that petitioner presents a risk of flight or threat of harm to the community. Thus, there is no statutory or constitutional basis to allow an alien to languish in detention indefinitely, for more than two years, with no end in sight, where the Government cannot rebut petitioner's showing that his removal is not reasonably foreseeable.

Therefore, the Government is not entitled to relief under Rule 60(b), and its motion is denied accordingly.

---

without inspection, and this fact does not contradict or undermine petitioner's allegation that he arrived here illegally without a passport or birth certificate. The unlikelihood that an alien would possess a passport or birth certificate at the time he enters the country unlawfully and without inspection was a pivotal factor in this Court's finding reasonable petitioner's claim that he does not have a passport or birth certificate to prove his citizenship. Thus, the Government is not entitled to relief from judgment under Rule 60(b)(1).

**CONCLUSION**

For the reasons set forth above, the Government's motion under Fed.R.Civ.P. 60(b), seeking relief from judgment as set forth in this Court's January 29, 2007 Opinion and Order, will be denied.  An appropriate order follows.


 S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.

Dated:  June 4, 2007